IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-03028-NRN

ABDERRAHMANE MAMADOU GUEYE,

Petitioner,

v.

TODD BLANCHE, Acting U.S. Attorney General in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
JUAN BALTASAR, Warden of GEO Group Aurora Inc, in his official capacity, and
GEORGE VALDEZ, Acting U.S. Immigration & Customs Enforcement Field Office Director for the Denver Field Office, in his official capacity,

Respondents.

---

**ORDER**

---

**N. Reid Neureiter**
**United States Magistrate Judge**

This matter is before the Court on Petitioner Abderrahmane Mamadou Gueye ("Petitioner" or "Mr. Gueye") Petition for Writ of Habeas Corpus, ("Petition"), ECF No. 1. The Government filed a response, ECF No. 11. Petitioner filed a reply, ECF No. 13. On August 20, 2026, the Court heard oral argument. *See* ECF No. 19. Subsequently, Petitioner submitted a notice of supplemental authorities, ECF No. 20. The Court has taken judicial notice of the case file and considered the applicable federal and state statutes and case law. For the reasons set forth below, the Court hereby **GRANTS IN PART** the Petition.

## I. BACKGROUND

Petitioner is a native and citizen of Mauritania who entered the United States on May 27, 2018. ECF No. 1 at 1. At that time, he applied for asylum. *Id.* at 5. The Department of Homeland Security ("DHS") detained him, and on May 28, 2018, provided him with a credible fear interview. *Id.* DHS initiated removal proceedings by filing a Notice to Appear ("NTA") with the immigration court on July 18, 2018, charging Petitioner with removability under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an alien who, at the time of application for admission, was not in possession of a valid entry document, valid travel document, or document of identity or nationality as required by the government. *Id.* at 6. On December 17, 2018, Immigration and Customs Enforcement ("ICE") released Petitioner from custody after an immigration judge ("IJ") granted him bond. *Id.* Petitioner was again detained by ICE in 2021. *Id.* On March 11, 2021, while he was in detention, Petitioner's application for asylum was denied. Through former counsel, Petitioner filed a notice of appeal of this decision to the Board of Immigration Appeals ("BIA").[1] *Id.* On March 22, 2021, after a custody determination, ICE released Petitioner on an Order of Release on Recognizance. *Id.* On May 15, 2025, Petitioner was once again detained at his scheduled in-person check-in. *Id.* He has been detained since that time at the Denver Contract Detention Facility. *Id.*

[1] On March 18, 2026, the BIA issued a decision summarily dismissing Petitioner's appeal of the IJ's denial of his asylum application because his prior attorney had not filed a brief and her notice of appeal failed to raise any cognizable challenge to the decision. ECF No. 1 at 7. Through new counsel, Petitioner filed a new untimely appeal on June 22, 2026, on the basis that his former counsel was ineffective and thus equitable tolling of the filing deadline was warranted. That appeal remains pending. *Id.* at 8.

Petitioner filed a habeas petition on January 9, 2026, arguing that he was improperly held pursuant to 8 U.S.C. § 1225(a)(2)(B). *Id.* On February 16, 2026, Magistrate Judge Timothy P. O'Hara agreed and ordered that Petitioner receive a bond hearing under 8 U.S.C. § 1226(a). *Id.* A bond hearing was held, but Petitioner was denied bond. *Id.*

On January 14, 2026, Petitioner filed a Form I-360, Petition for Special Immigrant under the Violence Against Women Act ("VAWA"). *Id.* at 7. Petitioner was married to a U.S. citizen who turned out to be abusive, resulting in the couple's divorce. They have a child together who relies on Petitioner for care and stability. *Id.* at 1.

In his Petition, Petitioner argues that as a VAWA self-petitioner, he is a member of the nation-wide class certified in *Immigr. Ctr. for Women & Child. v. Noem*, 351 F.R.D. 324 (C.D. Cal. 2026) ("*ICWC*") and is thus presumptively protected from adverse immigration enforcement action. Petitioner brings forth several counts for procedural and substantive due process violations on the basis that he is a member of the nation-wide class, and that his detention has been unconstitutionally prolonged.

## II. ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

In May 2026, the U.S. District Court for the Central District of California certified three classes of individuals including a “Pending Petitions Class” that entails “All individuals with pending principal or derivative U visa petitions, T visa petitions, or VAWA self-petitions who ICE detains or seeks to detain for civil immigration enforcement.” *ICWC*, 351 F.R.D. at 367.

“Congress created the VAWA self-petition, which provided that noncitizens with abusive qualifying family members can ‘self-petition’ for family-based immigrant visas without their abuser's knowledge, consent, or participation.” *Id.* at 351 (citing 8 U.S.C. §§ 1101(a)(51), 1154(a)(1)(A)(iii), (B)(iii)). "Congress authorized broad waivers of inadmissibility to allow a successful [VAWA] petitioner to remain in the country despite being otherwise removable." *Id.* "VAWA self-petitioners who establish a prima facie case are eligible for federal public benefits such as welfare, health, disability, or unemployment and similar benefits while their petitions are pending. . . . To ensure VAWA self-petitioners have timely access to these benefits, USCIS promptly makes VAWA prima facie determinations upon receipt of a self-petition . . . . If USCIS approves a VAWA self-petition but a visa is not immediately available, the VAWA self-petitioner is eligible for work authorization and may apply for deferred action status while they wait for a visa to become available.” *Id.* at 351–52 (cleaned up) (internal quotation marks and citation omitted). “VAWA self-petitioners, U visa petitioners, and T visa petitioners whose petitions USCIS determines present a prima facie case for approval or are bona fide are eligible for a combination of federal public benefits and protection from enforcement by ICE until USCIS finally adjudicates their petitions." *Id.*

In *ICWC*, Plaintiffs pointed out that "ICE had adopted enforcement policies that generally required ICE to refrain from pursing removal against persons with pending VAWA petitions, U visa petitions, or T visa petitions." *Id.* at 353. At issue in *ICWC* was, in particular, the 2025 Guidance which rescinded and superseded the 2011 and 2021 Policy Directives, which provide as follows:

- The 2021 Policy Directive reminds ICE officers, special agents, and attorneys "to exercise all appropriate discretion on a case-by-case basis when making detention and enforcement decisions" with particular attention paid to "victims of domestic violence." *ICE Directive 11005.3, Prosecutorial Discretion: Certain Victims, Witnesses, and Plaintiffs* (June 17, 2011), https://www.ice.gov/doclib/foia/prosecutorial-discretion/certain-victims-witnesses-plaintiffs.pdf (last visited September 9, 2026) ("2011 Policy Directive").
- The 2021 Policy Directive refers to VAWA self-petitioners and states that "ICE will exercise prosecutorial discretion in appropriate circumstances to facilitate access to justice and victim-based immigration benefits by noncitizen crime victims. ***To that end, absent exceptional circumstances, ICE will refrain from taking civil immigration enforcement action against known beneficiaries of victim-based immigration benefits and those known to have a pending application for such benefits***." *ICE Directive 11005.3: Using a Victim-Centered Approach with Noncitizen Crime Victims* (Dec. 2, 2021), https://www.ice.gov/doclib/foia/policy/11005.3_UsingVictimCenteredApproach

> NoncitizenVictims.pdf (last visited September 9, 2026) ("2021 Policy Directive") (emphasis added). Exceptional circumstances "generally exist only in the following circumstances: (a) The noncitizen poses national security concerns; or (b) the noncitizen poses an articulable risk of death, violence, or physical harm to any person." *Id.* at § 3.4.

In summary, the 2011 and 2021 Policy Directives "established that ICE policy was to refrain from immigration enforcement against persons with pending petitions for victim-based benefits, including by releasing them from detention; identifying persons with pending petitions; seeking expedited preliminary adjudications of their petitions from USCIS; deferring to USCIS preliminary adjudications; and granting administrative stays of removal." *ICWC*, 351 F.R.D. at 353–54.

In 2025, the Trump Administration issued guidance that "rescinded and superseded" the 2011 and 2021 policies. *ICE Policy No. 11005.4, Interim Guidance on Civil Immigration Enforcement Actions Involving Current or Potential Beneficiaries of Victim-Based Immigration Benefits* (Jan. 30, 2025), https://www.ice.gov/doclib/foia/policy/11005.4.pdf (last visited September 9, 2026). The 2025 Guidance rescinded and superseded the 2011 Policy and 2021 Directive, eliminating the "presumption of protection from immigration enforcement for petitioners for victim-based benefits and replacing it with a presumption of enforcement subject to narrow limitations." *ICWC*, 351 F.R.D. at 354.

The court in *ICWC* issued a preliminary injunction staying "the 2025 Guidance, including its rescission of prior policies. This stay applies in favor of All Individual

Plaintiffs, the current and future clients of the Organizational Plaintiffs, and the members of all three Classes." *Id.* at 397.

Petitioner is a VAWA self-petitioner. Furthermore, he has submitted evidence of a July 27, 2026, positive prima facie determination on his petition for classification under VAWA. *See* ECF No. 20-1. Such a determination establishes that his VAWA petition is complete and properly filed, and addresses each of the eligibility requirements. *See* 2021 Policy Directive § 3.7. Therefore, the Court finds that Petitioner falls within one of the three protected classes—namely the "Pending Petition Class." The Government has not presented, either in its briefing or at the hearing held on August 20, 2026, any arguments to the contrary.

Additionally, there is no indication here, and indeed the Government does not argue, that Petitioner poses a national security threat or an "articulable risk of death, violence, or physical harm to any person." Absent these exceptional circumstances, he is protected from removal and must be released. *See Villeda Mejia v. Baltazar*, No. 26-cv-02084-RMR, 2026 WL 2224656 at *1 (D. Colo. Aug. 3, 2026) (granting immediate release to petitioner who had a pending T visa petition and application for administrative stay of removal and thus fell within one of the three certified classes).[2]

Lastly, Petitioner requests attorney fees and costs. ECF No. 1 at 20. But D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a

---

[2] The Court need not address Petitioner's other arguments. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the Petitioner chooses to file a motion for attorney fees, he must comply with all applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

## I. CONCLUSION

For the reasons set forth above, the Court hereby **ORDERS** that Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED IN PART** as follows:

1. Respondents shall release Petitioner within **48 hours** of this Court's order and may not impose any additional conditions of release or supervision;

2. Respondents shall file a status report within **TWO DAYS** of Petitioner's release to certify compliance.

Dated at Denver, Colorado this 14th Day of September 2026

N. Reid Neureiter
United States Magistrate Judge